IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANICE A. DAVIS,                )
                                )
        Plaintiff,               )
                                )
                                )   CASE NO. 3:12-cv-1181
v.                              )   JUDGE TRAUGER / KNOWLES
                                )
                                )
JOHN A. BARNEY,                 )
WILSON & ASSOCIATES, PLLC,      )
                                )
        Defendants.              )

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon two Motions to Dismiss: one filed by Defendant John A. Barney, and the other, filed by Defendant Wilson & Associates, PLLC (hereinafter "Defendants"). Docket Nos. 16, 18. Defendants' Motions are filed pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* In support of their Motions, Defendants have filed accompanying Memoranda of Law. Docket Nos. 17, 19.

Plaintiff has not responded to either Motion.

This is a *pro se*, in forma pauperis action, regarding foreclosure activities concerning Plaintiff's real property located at 1005 9th Avenue South, Nashville, Davidson County, Tennessee. *See* Docket No. 1 and attachments thereto. Plaintiff sues numerous Defendants seeking injunctive relief against their "illegal actions" and against subsequent sales of 1005 9th

1

Avenue.[1]  *Id.*  Plaintiff also seeks compensatory damages, attorney's fees, and that the court grant her "clear title" to her home.  *Id.*

Defendants John A. Barney and Wilson & Associates, PLLC, filed the instant Motions to Dismiss and accompanying Memoranda of Law on June 9 and June 10, 2013, respectively. Docket Nos. 16, 18.  Defendants argue that Plaintiff has failed to state a claim against them because she fails to allege any specific wrongdoing by Defendants.  Docket Nos. 17, 19. Specifically, Defendants argue that "the only allegation the Plaintiff makes against the undersigned is that [they] represented Wells Fargo in state court proceedings."  *Id.*

For the reasons set forth below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II.  Facts[2]

### A.  Background Contextual "Facts"

In 2006, Plaintiff purchased a house located at 1005 9th Avenue.  She obtained a mortgage on the property from WMC Mortgage.  WMC Mortgage was later sued in a class action suit brought by first time, minority home buyers in San Francisco, California.  The parties in the class action reached a settlement agreement.  Plaintiff was awarded damages in the amount of $145,000, which she never received because Wells Fargo kept the award.  Even though the award was enough to pay off Plaintiff's mortgage, Wells Fargo initiated foreclosure proceedings on Plaintiff's home.  Plaintiff then attempted to enter a loan modification program through

---

[1] Of the named Defendants, only John Barney and Wilson & Associates are parties to the instant Motions.  Accordingly, "Defendants," as used throughout the remainder of this Report and Recommendation, references only Mr. Barney and Wilson & Associates.

[2] Unless otherwise noted, the following "facts" are derived from Plaintiff's Complaint.

Housing and Urban Development, but was "blocked" by Wells Fargo. Wells Fargo then "attempted" to sell Plaintiff's home to Bank of America through Wilson & Associates in May of 2011.

Plaintiff brought an action against Wells Fargo, Saxon Mortgage, and WMC Mortgage, in Chancery Court claiming that they wrongfully foreclosed on her home. Order Granting Summ. J., 97th unnumbered page of Docket No. 1. Specifically, Plaintiff alleged that there was not proper documentation transferring the deed to her property from WMC to Wells Fargo, and therefore, that Wells Fargo did not have standing to initiate foreclosure proceedings. Pl.'s Resp. to Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. 2, 72nd unnumbered page of Docket No. 1. Plaintiff further alleged that even if there had been a valid transfer, WMC failed to notify her of the transfer, leaving her unsure of her rights regarding the class action settlement agreement with WMC. *Id.* at 76th unnumbered page of Docket No. 1.

Chancellor Carol McCoy granted summary judgment for Wells Fargo, Saxon Mortgage, and WMC Mortgage, finding that:

> 1. Wells Fargo gave proper notice of the Plaintiff's default and of the right to cure pursuant to the terns of the Deed of Trust.
> 2. The foreclosure of the property was conducted properly in that Plaintiff was given timely written notice of the Substitute Trustee's sale and the sale was properly published in accordance with requirements of T.C.A. §35-5-117.
> 3. The Plaintiff has no private right of action for a loan modification.

Order Granting Summ. J. 1, 97th unnumbered page of Docket No. 1.

Plaintiff then filed this suit against Wells Fargo, the Chancery Court for Davidson County, Wilson & Associates, and John Barney. Docket No. 1. Plaintiff also indicated that she

3

would like to add Chancellor McCoy as a defendant as well. *Id.* Upon initial review, Plaintiff's claims against the Chancery Court, Chancellor McCoy, and Wells Fargo were dismissed without prejudice for lack of jurisdiction. Docket Nos. 5, 6.

**B. "Facts" Pertaining to the Instant Defendants**[3]

Plaintiff alleges that Wells Fargo "attempted" to sell Plaintiff's home to Bank of America through Wilson & Associates in May of 2011. Docket No. 1, 8th unnumbered page.

Plaintiff avers that:

> The Attorney from Wilson and Associates on October 25, 2012 bragged and admitted that he had had the $145,000 proceeds from the class action suit since 2006-2007, since they were sent to the harmed parties. He also bragged and stated that after he took the funds that were designated (to give me relief from their descriminatory [*sic*] practices and which were to allow me to pay off this bad mortgage) he pocketed the money and proceeded to foreclose on my property for the non-payment of the mortgage. . . . The attorney came back as a rebuttal bragging that after he took the $145,000 to pay off a $123,500 (est) mortgage he kept the remaining (est) $21,500 and proceed [*sic*] to foreclose on the property, knowing he had intercepted the funds the government had provided for me to cure the debt and he laughingly stated the trail of misery he caused me by being forced to file bankruptcy to stop the foreclosures he had created, while still sitting on the funds.

*Id.* at 14th-15th unnumbered pages.

Plaintiff further avers that:

> When we went to court in January of 2012 Circuit under Judge Hamilton Gayden, I was sent a 50 page brief whic [*sic*] I presneted [*sic*] to the court from an attorney Skipper Ray and the Wilson and

---

[3] Defendant Barney is an attorney licensed to practice law in the State of Tennessee (Docket No. 17), while Defendant Wilson & Associates is a law firm with offices in the State of Tennessee (Docket No. 19). Defendant Wilson & Associates represented Wells Fargo in the Chancery Court action. *Id.*

4

> Associates attorney in court had not even seen the document. That was when I questioned the origin of this continued attempt to take my property. Ultimately, Judge Gayden consolidated the cases and sent them up to Chancery and that is where we are now. Please note that in all of these deliberations, my attorneys and I were trying to locate the $145,000 from the class action suit with WMC and in the hearing in December before the Honorable Carol McCoy, she asked the same attorney, Mr. Barney "How did you obtain Ms. Davis' property and he said, "I securitized the Note" . . .

*Id.* at 17th unnumbered page.

Plaintiff also states, "had the attorney for Wells Fargo, Mr. Barney [not] been so arrogant in letting me know that he had exacted this suffering on my life, I wouldn't have known." *Id.* at 18th and 19th unnumbered pages. She notes, "But looking back, my mortgage problems begn [*sic*] when I signed the mortgage in July 2006, because that his the year the Wells Fargo attorney bragged to have taken the $145,000 that would have automatically paid off my mortgage." *Id.* at 19th unnumbered page.

### III. Analysis

**A. Standard of Review: Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955,

5

1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

While the Court takes into account that the Plaintiff is *pro se* and is therefore held to a less stringent standard, this does not "abrogate basic pleading requirements." *Jordan v. Koehler*, 14 F.3d 601 (6th Cir. 1993); *see also Wells v. Brown*, 891 F.2d 591 (6th Cir.1989) (stating that "trial and appellate courts should not have to guess at the nature of the claim asserted").

**B. The Case at Bar**

   Plaintiff asserts her federal claims in this action under 42 U.S.C. §§ 1981 and 1982. In order for Plaintiff's § 1981 claim to survive Defendants' Motions to Dismiss, Plaintiff's Complaint must allege facts that indicate that it is "plausible" that Defendants: (1) blocked some contractual right of Plaintiff, and (2) the interference was racially motivated. *See e.g., Williams v. Richland County Children's Services*, 489 Fed.Appx. 848 (6th Cir. 2012). Similarly, § 1982 deals with racial discrimination in leasing or selling property; accordingly, a proper pleading citing a violation of this statute therefore must allege discrimination. *See e.g., Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968).

   Regarding Plaintiff's § 1981 claim, Plaintiff does not submit that she had any type of contractual relationship with either Defendant, or that either Defendant personally "blocked some contractual right" of Plaintiff. Docket No. 1. Instead, she asserts that Defendants represented Wells Fargo in the proceeding in Chancery Court, and that Defendant Barney "bragged and admitted he had had the $145,000 proceeds from the class action suit," "pocketed the money and proceeded to foreclose" on her property, and "laughingly stated the trail of misery he caused me." Significantly, a critical element of both §1981 and §1982 is racially motivated discrimination. Plaintiff alleges no facts suggesting either that Defendant Barney's asserted actions or Defendants' decision to represent Wells Fargo was racially motivated. As Plaintiff does not assert facts that give rise to a plausible inference that there was any type of contractual relationship between herself and Defendants, nor does she assert that Defendants' actions were racially motivated, Plaintiff has failed to state a claim under either §§ 1981 or 1982.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED.[4]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[4] Because the undersigned recommends granting Defendants' Motions to Dismiss, this court should decline to exercise pendent jurisdiction over Plaintiff's state court claims.